C. A. CHARLES, Adm'r, *v.* C. H. SPEARS, Adm'r, *et al.*

ESTOPPEL. *Former suit.* An adjudication, in a bill filed by an adminis-
trator to subject realty descended, that the personalty had been ex-
hausted, is not an estoppel upon the heirs from contesting that ques-
tion in a subsequent suit by a creditor for the same purpose, and
showing a *devastavit.*

FROM HAWKINS.

Appeal from the Chancery Court at Rogersville.
H. C. SMITH, Ch.

KYLE & McDERMOTT for complainant.

W. P. GILLENWATERS for defendants.

DEADERICK, C. J., delivered the opinion of the court.

Complainant filed his bill in the chancery court of
Hawkins county, to obtain satisfaction of a judgment
he had obtained in this court against said C. H.
Spears, Administrator of D. A. Spears, and in his own
wrong.

The bill alleges that defendant C. H. Spears made
a fraudulent conveyance of a tract of land, in said
county, to one Thompson, to hinder and delay the
collection of his judgment, and prays to have the con-
veyance set aside and the land so fraudulently con-
veyed, subjected to the payment of his debt.

The bill further alleges that defendant's intestate,

D. A. Spears, was the owner of a tract of land in said county, and that his personal estate has been exhausted in the payment of debts, and prays to have said tract of land subjected to sale, etc. Thompson, the alleged fraudulent vendee, and the widow and heirs at law of said D. L. Spears, deceased, are made defendants.

The chancellor ordered an account to ascertain, amongst other things, whether the personal assets had been exhausted in payment of debts. The master reported all the assets which came to the hands of the administrator had been so exhausted, except about $3; setting forth the debts paid, when due and when paid. The amount of assets received is stated at $2,290.49.

Upon exception filed by the defendants, payments by the administrator aggregating more than the debt of complainant were disallowed, upon the ground that they were made more than two-and-a-half years after grant of administration, without request for delay by the creditors, and it was held that the administrator was guilty of a *devastavit* in making such payments, and there was, therefore, in his hands a fund sufficient to pay complainant's claim, and the lands descended to the heirs could not be subjected to the payment of said claim.

The chancellor, therefore, dismissed the bill, so far as it sought relief affecting the heirs at law of D. A. Spears, but he declared the sale of the land by C. H. Spears to Thompson to be fraudulent and void, and directed its sale by the master for the satisfaction of complainant's decree.

No appeal was asked for or taken by any of the parties. But the complainant has filed the record here for writ of error, and asks a reversal of the decree so far as it refuses the relief sought against the land descended to the heirs of D. A. Speers, deceased. Upon the argument of the exceptions, it was in evidence that D. A. Spears died in February, 1860, and administration was granted on his estate March, 1860, and in 1866, upon a bill filed by his administrator to sell land to pay debts, to which the widow and heirs were defendants, upon an account ordered, the same debts were reported as paid, that were excepted to in this case. No exception was taken then to the payments of these debts, and the court ordered a sale of land to pay other debts. The debt in suit in this case was not one of those included in the report, it being then in suit.

Complainant insists that the report then and decree affirming it, are conclusive that the personalty was exhausted in payment of debts of the estate, and the chancellor erred in refusing to so declare.

But the complainant was no party to the cause in which said debts were reported, and defendants are not estopped in this suit to set up defenses, which were not made in the suit with other parties.

We are of opinion, therefore, that there was no error in the chancellor's decree dismissing the bill as to the widow and heirs at law of D. A. Spears, deceased, and the same will be affirmed.